# CHARLESTON.

Jones *et al. v.* Thorn *et al.*

Submitted June 6, 1898—Decided November 16, 1898.

1. Implied Trust—*Husband and Wife—Equity.*

Where a tract of land is owned by a husband and wife, the same being part of a larger tract, she owning as her seperate estate four-ninths and he two-ninths, and she joins with him in the execution of a deed of trust on the entire six-ninths to secure the payment of a debt owed by the husband, and dies before the debt falls due, leaving children, and when the trustee proceeds to sell the entire six-ninths, conveyed to him, if collusion is shown between him and the trusece, and it appears the sale is made only for the purpose of conferring title on him, equity will consider and treat him as a trustee for the children who inherited said four-ninths, subject to the trust as to said four-ninths. (p. 193).

2. Implied Trust—*Husband's Debt—Husband and Wife—Security.*

Where the debt secured by such trust was the debt of the husband, and the wife's property was only included in the trust deed as an additional security, equity would require that the husband's portion of the property should be exhausted before selling the wife's property. (p. 190).

Appeal from Circuit Court, Marion County.

Bill by Bessie L. Jones and another against Benjamin Thorn and others. From a decree dismissing the bill, plaintiffs appeal.

*Reversed.*

John W. Mason, and James A. Haggerty, for appellants.

W. S. Meredith, for appellees.

ENGLISH, JUDGE:

On the 30th day of August, 1877, Nimrod Toothman sold four undivided ninths of a tract of land situated in Marion County, containing sixty acres, to Mary A. Jones, wife of H. Frank Jones, in consideration of eight hundred and fifty dollars, subject to the dower of Phœbe J. Swisher, widow of John W. Swisher; and on the 16th of December, 1879, James N. Swisher and Sarah C. Swisher, his wife, Nimrod Toothman and Sisson M. Toothman, his wife, and Phœbe Jane Davis, late widow of John W. Swisher, conveyed two undivided ninths of said sixty acre tract to said H. Frank Jones, said Jones also purchasing from said Phœbe Jane Davis her dower interest in said four undivided ninths of said land conveyed as aforesaid to Mary A. Jones. On December 29, 1880, said Jones was indebted to one John Core in the sum of five hundred and fifty dollars, payable October 1, 1880, and on December 29, 1880, said Jones and Mary Jones, his wife, executed a deed of trust on the four-ninths of said tract conveyed as above stated to Mary Jones, and the two-ninths of same conveyed by said H. Frank Jones to A. S. Hayden, trustee, to secure the payment of said sum of five hundred and fifty dollars to said John Core, and in this way the four-ninths of said tracts which had been conveyed to said Mary A. Jones became pledged for the debt which her husband owed to John Core. On the 4th of July, 1881, said Mary A. Jones died, leaving four infant children, to wit, Bessie L. Jones, Andie L. Jones, Edith E. Brand, and Reno Jones. Said debt to John Core became due October 1, 1881, and default was made in the payment thereof. On November 19, 1881, A. S. Hayden, trustee, sold the four-ninths of said tract conveyed to said Mary A. Jones, together with the two-ninths which had been conveyed to said Frank Jones under the deed of trust, and said H. Frank Jones became the purchaser at six hundred dollars, which sum was sufficient to pay said Core debt; and thereupon said trustee deeded the entire property described in the trust deed to H. Frank Jones, who afterwards acquired some additional interests in said sixty acre tract, and contracted a considerable indebtedness, and, to secure the payment of the

same, conveyed his interest in said land, including the four-ninths conveyed to Mary A. Jones, and purchased by him at said trust sale, to A. S. Hayden, trustee. On August 29, 1889, said Hayden, attempted to sell the same under said trust deed, but was restrained by injunction in the circuit court of Marion County. In the injunction cause a decree was rendered directing a sale of said land, and Hayden, acting as special commissioner under this decree, sold the land to Jesse G. Floyd and Hiram Kent on March 7, 1893, who, in December, 1893, sold and conveyed it to Benjamin Thorn and wife. On the 18th of September, 1894, a suit in equity was instituted by Bessie L. Jones and Andie L. Jones in the circuit court of Marion County, said plaintiffs being children and heirs at law of Mary A. Jones, against said Benjamin Thorn, Alice S. Thorn, Edith E. Brand, Reno Jones, and others, to set aside said last three named conveyances, claiming that four-ninths of said sixty acres belonged to them and said Edith E. Brand and Reno Jones, as heirs at law of Mary A. Jones; praying a partition of said tract giving to the four children of Mary A. Jones the four-ninths thereof. The note from H. Frank Jones to John Core for five hundred and fifty dollars, to secure the payment of which the deed of trust of December 29, 1880, was executed, bears even date with said trust deed, while the conveyance of the four-ninths, of said sixty acres from Nimrod Toothman to Mary A. Jones bears date August 30, 1877. It does not appear that said H. Frank Jones owed any debts at the time said conveyance was made to his wife, and the heirs of said Mary A. Jones do not appear to have been made parties to any of the suits against said Jones. Answers were filed by Jesse G. Floyd, Hiram Kent, Benjamin Thorn, in his own right and as committee of Alice S. Thorn, which were replied to generally; depositions were taken; the cause submitted; and upon the hearing the court dismissed the bill, and the plaintiffs obtained this appeal, claiming that said decree was erroneous—First, because, said Mary A. Jones, who owned two-thirds of the land conveyed by the deed of trust of November 29, 1880, to secure the Core debt, having died before the debt became due, it was error for the trustee, under the circumstances, to execute the trust. A part of

the land belonged to the principal debtor, a part to the surety,—that belonging to the principal being worth enough to pay the debt; and, the surety being dead, leaving infant children, no sale should have been made without the intervention of a court of equity.

Now, the fact that four-ninths of the sixty acre tract of land was the separate property of Mary A. Jones must be conceded when we consider that the record discloses that said four-ninths were conveyed to said Mary A. Jones by Nimrod Toothman on August 30, 1877, and at that time our statute provided that any married woman might take by inheritance, or by gift, grant, or bequest, from any person other than her husband, and hold to her sole and separate use, and convey and devise, real and personal property, and any interest or estate therein, and the rents, issues, and profits thereof, in the same manner, and with like effect, as if she were unmarried, and they should not be subject to the disposal of her husband, nor be liable for his debts. By joining with her husband, Mary A. Jones gave a deed of trust upon said four-ninths to secure the debt of five hundred and fifty dollars to Core, which her husband owed; and in the same deed he executed a trust upon the two-ninths owned by him to secure the same debt. After the death of said Mary A. Jones, said H. Frank Jones suffered the entire six-ninths of said property to be sold, and became the purchaser himself for the amount of the Core debt. In his deposition said Jones states that he went to the trustee, Hayden, with the money to pay the Core debt, but the trustee advised him to allow the property to be sold under the trust; his wife being dead, he could purchase at the sale, and in that way, it would become his land,—that is, the entire six-ninths. The legal title was then in the trustee, Hayden, and the equity of redemption as to the four-ninths belonging to Mary Jones at the time of her decease was in her four children, and the equity of redemption of said two-ninths was in said H. Frank Jones. In the circumstances equity would consider that in purchasing said property for the amount of his debt to Core he merely redeemed the same, relieving the entire six-ninths from said trust lien. It would also appear to be in accordance with

the principles of equity that, the property of said Mary Jones having been included in said deed of trust as security for the debt of her husband, the property of the principal should have been exhausted first before coming onto her four-ninths for satisfaction.

As to the suggestion in the above assignment of error that, Mary A. Jones, one of the grantors in said deed of trust being dead, leaving infant children, no sale should have been made without the intervention of a court of equity, this Court has passed upon this question in the case of *Spencer* v. *Lee*, 19 W. Va., 179 (Syl. point 6), where it is held that "a court of equity will in no case set aside a sale made by a trustee simply because it was made after the death of the grantor." See, also, *Burke* v. *Adair*, 23 W. Va., 159. After becoming the owner of other portions of said sixty acres, said H. Frank Jones executed another deed of trust upon said six-ninth of said sixty acres, and the other portions he had acquired, to the same trustee, to secure certain indebtedness therein specified. Subsequently, a chancery suit was brought by said H. Frank Jones against said Hayden, trustee, and others, in which such proceedings were had that said Hayden, as trustee, was directed by a decree therein rendered to make sale of said land mentioned in said trust deed; in pursuance of which said land was sold by Hayden, trustee, at which sale Jesse G. Floyd and Hiram Kent became the purchasers of the land described in said last-named deed of trust, including the four-ninths which was the separate estate of Mary Jones, deceased, and which was conveyed by said Hayden, trustee, to said Floyd and Kent, and by them conveyed to Benjamin Thorn. It is contended by the appellants that the deed executed by A. S. Hayden, trustee, to H. Frank Jones, was void as to the four-ninths of said land belonging to the estate of Mary A. Jones; and while there is no allegation of fraud on the part of said Hayden, or of collusion between him and said H. Frank Jones, yet it appears from the deposition of said Jones that he went to said trustee to pay the debt secured by the trust, and the trustee advised him to allow the land to go to sale, and become the purchaser of it for himself; which he afterwards did. Now, the very serious question here pre-

sented for our consideration is, could Jones, by paying his own debt, not a cent of which the estate of his wife was bound for, otherwise than as his security, acquire title to the four ninths of said land, which was the separate estate of his wife at the time said trust was executed? What consideration did she or her heirs receive from said Jones, directly or indirectly, for said four-ninths? Surely, the payment of his own debt was no consideration, and did not entitle him to a deed for it. As Hayden was Jones' agent, and his creditor John Core, in paying the money to Hayden, he only paid it to Core; but did that payment entitle him to a deed to his wife's land? Her contract in conveying her land to said trustee was that if her husband, H. F. Jones, did not pay said note, with interest, to Core, her land might be sold with his to raise the money; but her husband, as is alleged in the bill, and as shown on the face of the deed from Hayden, purchased the land for six-hundred dollars,—enough to pay the Core debt, interest, and cost of sale. It is true that the answer claims that Jones, on the day of the purchase executed a deed of trust on said six-ninths of said tract to secure one Eli C. Morris the payment of money borrowed of him for the purpose of paying said Core debt; but no such copy of said trust is exhibited, and Jones, in his deposition, says he borrowed the money from the First National Bank of Fairmont to pay the Core trust, and repaid the bank from money received by him from his father. Now, if H. F. Jones acquired no title to the four-ninths of said tract conveyed to the trustee by his wife, it is certain he could convey no title thereto in the second deed of trust to Hayden, trustee, nor can we see that said Hayden's right to sell the same was increased by the decree directing him to do so as trustee. As to the purchasers at the sale made under said decree, *caveat emptor* applied. My first impression was that said H. Frank Jones was entitled to a life estate in said four-ninths of said sixty acre tract as a tenant by curtesy, but attention has been called to the fact that said four-ninths of said tract was conveyed to Mary A. Jones by Nimrod Toothman and wife, subject to the dower right of Phœbe J. Swisher, and that said Mary A. Jones died before said Phœbe J. Swisher; and, although said Phœbe

is now dead, the said Mary A. Jones was never seised in fact of said four-ninths of said sixty acres, and therefore her husband, H. Frank Jones, was never entitled to a life estate therein as tenant by the curtesy, and therefore the case does not fall within the purview of the case of *Merritt* v. *Hughes*, 36 W. Va., 356, (15 S. E. 56), where it is held that "a remainder-man or reversioner cannot compel partition during the continuance of the particular estate." I am therefore led to the conclusion that the heirs at law of said Mary A. Jones are entitled to the partition prayed for.

In the absence of any allegiations of fraud or collusion between said H. F. Jones and Trustee Hayden, can we, in response to the prayer of the bill, declare the deed from said trustee to said Jones void? We must presume that the land was properly advertised and regularly sold. The deed appears to be formal and regular on its face; and while, in the circumstances, it may not have conveyed to said Jones the title of the heirs at law of Mary A. Jones to said four-ninths would not equity treat it as a release of the trust lien on said four-ninths, and not consider the deed absolutely void? I cannot believe that the title of these remainder-men was extinguished by the sale of this property under said trust deed by Hayden, trustee, and by H. F. Jones bidding it in, and obtaining a deed by paying his own debt and the costs of sale, or that H. F. Jones, by reason of that transaction, acquired title to the four-ninths of said sixty acre tract, which was the separate estate of his wife, subject only to the dower right of Phœbe J. Swisher. Now, as to the effect of the sale under the second trust deed to Hayden, trustee, who was the same trustee that sold the property under the first trust, said Hayden had notice of all the facts connected with the former transaction, and, in addition, Jones could only convey to him such title as was vested in him; and in selling under the trust said trustee would convey with special warranty, and to Floyd and Kent, the purchasers under said second trust deed, the principle of *caveat emptor*, applies. So, in the case of *Fleming* v. *Holt*, 12 W. Va., 162, GREEN, JUDGE, in delivering the opinion of the Court uses the following language: "In considering this question, we must

bear in mind that a purchaser at a public sale of land made by a trustee must look to the title of the grantor of the land, and is entitled only to a deed with special warranty of title.   He cannot look to the trustee for a good title, for in making the sale he is but an agent.   He cannot look to the creditor, for he sells nothing, and is merely to receive the proceeds of the sale.   To such a sale the principle *caveat emptor*, applies."—citing *Petermans* v. *Laws*, 6 Leigh, 529; *Saunders* v. *Pate* 4 Rand, (Va.,) 8; *Sutton* v. *Sutton*, 7 Grat., 237; *Findlay* v. *Toncray*, 2 Rob. (Va.,) 374; Rawle, Cov. 418, *Goddin* v. *Vaughan's Ex'x*, 14 Grat., 117. When, therefore, Floyd and Kent became the purchasers under said trust sale, they only purchased such title as was vested in Jones.   By looking to the records, they could have seen that Jones obtained a conveyance of the property left by his deceased wife to her children by paying his own debt, for which that property had been pledged, with a sufficient amount of his own to pay the debt, to secure the payment of his own debt; and that, while he obtained a deed from the trustee for the four-ninths of the property left by his wife, he paid no consideration for it, and, the equity of redemption to said four-ninths of the sixty acre tract having descended to the children of said Mary Jones, H. Frank Jones, having obtained a deed therefor from said trustee without paying any consideration, must be held and considered as a trustee holding the title to said four-ninths for the plaintiffs and the defendants Edith E. Brand and Reno Jones.   See *Webb* v. *Bailey*, 41 W. Va., 463, (23 S. E. 644), in which the doctrine of implied trusts is discussed, and in which the facts are somewhat similar to those in the case under consideration.

In this case the land of the heirs of Mary Jones was included in the sale with a view to conferring title upon H. F. Jones, when it appears that the two-ninths owned by him was sufficient to pay the trust debt, and by inducing the trustee to sell the entire six-ninths he obtained an ostensible title to said four-ninths, without paying any consideration therefor, for the reason that the two-ninths owned by him were worth more than the trust debt.   My conclusion, therefore, is that the circuit court erred in dismissing the plaintiffs' bill, and, as the evidence in the

cause discloses that there was collusion between said trustee, Hayden, and said H. F. Jones, and that Hayden, trustee, instead of receiving the amount of the debt secured by said first trust deed from H. F. Jones, advised said Jones to allow the property to be sold, and at the sale purchase the entire six-ninths of said tract, the decree complained of is reversed, and the cause remanded, with with directions to the circuit court of Marion County to take such steps as will convey the legal title of the four-ninths of said sixty-acre tract to the heirs at law of Mary A. Jones, deceased, and award to them the partition prayed for, with costs to the appellants.

*Reversed.*